**YUE YING LIN, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

No. 07–2259–ag.

United States Court of Appeals, Second Circuit.

Jan. 3, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; James A. Hunolt, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: JOHN M. WALKER, JR., B.D. PARKER, and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yue Ying Lin, a native and citizen of the People's Republic of China, seeks review of a May 14, 2007 order of the BIA affirming the October 6, 2005 decision of Immigration Judge ("IJ") Helen J. Sichel denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yue Ying Lin,* No. A 98 279 467 (B.I.A. May 14, 2007), *aff'g* No. A 98 279 467 (Immig.Ct.N.Y.City, Oct. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

*Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). Here, the BIA adopted and affirmed the IJ's decision to the extent that Lin challenged the IJ's adverse credibility determination on appeal. Because Lin failed to challenge the IJ's alternate burden of proof findings or the denial of Lin's CAT claim, we need only review the IJ's adverse credibility determination with respect to Lin's asylum and withholding of removal claims. *See id.; see also Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Substantial evidence supports the IJ's adverse credibility finding. This Court has emphasized that because demeanor is "virtually always evaluated subjectively and intuitively," an IJ's assessment of an applicant's demeanor merits "great deference." *See Tu Lin v. Gonzales,* 446 F.3d 395, 400–01 (2d Cir.2006) (further noting that a factfinder who assesses testimony together with a witness's demeanor is in the best position to discern whether a witness "who hesitated in a response was nevertheless attempting truthfully to re-count what he recalled of key events or struggling to remember the lines of a carefully crafted 'script' ").

Here, the IJ reasonably found that the "scripted quality" of Lin's testimony undermined her credibility. Lin asserts that the IJ's acknowledgment that her testimony may have been affected by her lack of formal education and nervousness "casts doubt" on the adverse credibility finding. However, because the record reflects that, as the IJ noted, Lin consistently repeated her answers "no matter what the questions were," the record supports this portion of the IJ's adverse credibility finding. *See id.* at 400. Moreover, the BIA and IJ accurately identified internal inconsistencies in Lin's testimony with regard to the date she encountered officials from the Board of Industry at her store. Lin testified on four occasions that the officials came to her store in February 2002. However, on several other occasions she testified that they came to her store in December 2002. While Lin now challenges the interpreter's translation of her testimony by asserting that the dates she gave sounded similar in the Fuzhou dialect, this argument is unavailing, given that Lin, through counsel, stated at the hearing that she was "satisfied" with the interpreter's translation. Further, while Lin contends that the date the Chinese officials came to her store was a "minor detail," that argument also fails. The inconsistencies between the dates she gave were material to her claim that Board of Industry officials came to her store on a certain date and accused her of promoting Falun Gong. *See Secaida–Rosales,* 331 F.3d at 308. The inconsistencies were also substantial considering that they arose repeatedly throughout her testimony *See id.* Thus, the IJ properly relied on the inconsistencies to support her adverse credibility finding.

352

Additionally, in finding Lin not credible, the IJ properly relied on her failure to corroborate her claim through documentation or photographs that her store was closed and her business license revoked. The IJ acknowledged that Lin had provided letters from her mother and cousin, but properly found that they did not overcome the poor quality of her testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006) (quoting *Asociacion de Compositores Y Editores de Musica Latinoamericana v. Copyright Royalty Tribunal,* 854 F.2d 10, 13 (2d Cir.1988) (holding that the weight afforded to documentary evidence " 'lies largely' within the discretion of the IJ")). Lin's failure to corroborate her testimony in this manner bore on her credibility, because her deficient corroboration rendered her unable to rehabilitate testimony that had already been called into question. *See Zhou Yun Zhang,* 386 F.3d at 78. Further, the IJ was not required to show that such evidence was reasonably available, when she did not find Lin to be otherwise credible. *See Xiao Ji Chen,* 471 F.3d at 341.

Finally, the Government properly asserts that Lin has waived any challenge to the IJ's finding that her testimony was implausible with respect to her failure to explain to Chinese officials that she was not knowledgeable about Falun Gong. Because Lin failed to raise this issue in her brief, we decline to reach it. *See Yueqing Zhang,* 426 F.3d at 545 n. 7. As such, substantial evidence supports the agency's denial of asylum. Because the only evidence of a threat to Lin's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).